### S. GARRETT, ETC., *v.* G. PHILLIPS.

**Forcible Entry and Detainer—Possession—Premises not Vacated by Removal of Tenant.**

The removal of a tenant does not vacate the premises as the possession, by operation of law, devolves on the landlord.

**Forcible Entry and Detainer—Traverse Bond—Must be Executed to Traversee.**

The statute requires that the traverse bond must be given to the adversary of the party traversing within three days after the finding of the jury.

APPEAL FROM POWELL CIRCUIT COURT.

October 11, 1871.

OPINION BY JUDGE PETERS:

This was a proceeding by forcible entry, and detainer, in which the jury in the country found the defendant guilty of the forcible entry and detainer complained of, that inquisition was traversed by the appellee, and on the trial in the circuit court, after the evidence of the plaintiff was closed, a verdict was found by the jury that the inquisition was not true upon a peremptory instruction of the court so to find, and from the judgment of that court in conformity to the verdict this appeal is prosecuted.

It appears from the evidence that as early as 1848 or 1849 John Garrett, the grantor in the deed of date January 6, 1866, to Lucy and Sandford Garrett, took possession of the land in controversy and continued in possession to his death, which occurred after the period last named. When he died Sandford Garrett was living with him and Joseph Garrett moved in to keep house for Sandford, who was an unmarried man. Joseph remained there until some time in the fall of 1866, when he removed to Missouri, and Sandford then claiming under the deed from John Garrett, rented the premises to the witness, West, who entered and held under him till the 8th of April, 1867, when after he had removed all his household goods from the house, and before he could lock the door, appellee moved in.

The premises were not vacant upon the removal of West, the possession by operation of law devolved on his landlord from whom he got possession, and his term having expired, and he having removed, Phillips' entry was an intrusion upon the possession, with the intention to divest appellant of the previous possession, and for such intrusion the proceeding by warrant for forcible entry and detainer was an appropriate remedy.

But it is insisted in this court that the judgment is right because the proceeding is in the name of Lucy Garrett, when it should have been in the name of Sanford Garrett, who was in the actual possession of the land. The complaint in the warrant is that appellee, on the 8th day of April, 1867, did forcibly enter upon, and detain from the possession of the said "Lucy

Garrett, and her trustee," one dwelling house, etc., which were in the peaceable possession of said Lucy Garrett and her said trustee. So that on the face of the warrant Sandford Garrett must be regarded as a plaintiff. Besides, in the traverse bond executed by appellee, he executed said bond to Sandford Garrett, trustee, as plaintiff in said warrant, so that if he was not plaintiff in the warrant, no traverse bond has been executed to the plaintiff and appellee had no case in court, and the traverse should have been dismissed for want of such bond. The statute requires that the traverse bond shall be given to the adversary of the party traversing the inquest within three days after the finding of the jury, to say nothing of estoppels. Sec. 511, Civ. Code.

The judgment must therefore be *reversed,* and the cause remanded with directions to award a new trial and for further proceedings consistent herewith.

*Turner, for appellant.*

*Apperson, for appellee.*